IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ENSIGN ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  20 C 1650 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| GRUNDY BANK f/k/a The Grundy County National Bank, not personally, but as Trustee under Trust Agreement Dated May 20, 1983 and known As Trust Number 984; WAYNE W. MCFARLAND, JR., KATHLEEN P. MCFARLAND; BRUCE C. PAUL; and KATHERINE E. PAUL, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) ) | |
| WAYNE W. MCFARLAND, JR. and KATHLEEN P. MCFARLAND, | ) ) | |
| | ) | |
| Cross-Plaintiffs, | ) ) | |
| v. | ) ) | |
| BRUCE C. PAUL and KATHERINE E. PAUL, | ) ) | |
| Cross-Defendants. | ) ) | |
| _____ | ) ) | |
| WAYNE W. MCFARLAND, JR. and KATHLEEN P. MCFARLAND, | ) ) | |
| | ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| Z. DAVID PATTERSON, | ) ) | |
| Third-Party Defendant. | ) ) | |
| _____ | ) ) | |
| BRUCE C. PAUL and KATHERINE E. PAUL, | ) | |

|  |  | ) |
| --- | --- | --- |
|  | Third-Party Plaintiffs, | ) |
|  |  | ) |
| v. |  | ) |
|  |  | ) |
| Z. DAVID PATTERSON, |  | ) |
|  |  | ) |
|  | Third Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ensign Associates, LLC ("Ensign") brings a three-count complaint against defendants Grundy Bank,[1] Wayne W. McFarland, Jr., and Kathleen P. McFarland (together, the "McFarlands"), and Bruce C. Paul and Katherine E. Paul (together, the "Pauls"), seeking to foreclose a mortgage on property owned by the McFarlands, and enforce personal loan guaranties that the Pauls and McFarlands executed for Ensign's predecessor in interest. The Pauls and McFarlands have denied liability on the guaranties, and each have brought a third-party complaint against Z. David Patterson.[2] The Pauls' third-party complaint against Patterson (Doc. 64) brings a single count of breach of fiduciary duty, and the McFarlands' third-party complaint against Patterson (Doc. 63-2) brings a claim for equitable contribution.[3] Patterson has moved to dismiss both third-party complaints (Doc. 77).[4] For the reasons stated below, Patterson's motions is granted in part and denied in part.

---

[1] Grundy Bank is not sued personally, but as a trustee under a trust agreement dated May 20, 1983, and known as Trust Member 984.
[2] The McFarlands have also brought a crossclaim against the Pauls, which the Pauls have answered.
[3] The court has subject matter jurisdiction over all claims based on diversity of citizenship of the parties. 28 U.S.C. § 1332.
[4] For some reason, plaintiff Ensign has also moved to strike both third-party complaints (Doc. 70), even though those complaints are not directed towards Ensign and seek no relief from Ensign. Ensign's motion is thus unnecessary. Consequently, the court strikes Ensign's motion as superfluous.

2

**BACKGROUND**

Wayne McFarland, Bruce Paul, and Z. David Patterson were all involved in Syntech Bioenergy, LLC ("Syntech"). Paul was a member of Syntech and its Chief Financial Officer, Patterson was a founder and board member, and McFarland was a board member. Paul's third-party complaint alleges that, while on the board, Patterson made reckless decisions, failed to act appropriately, and approved several unjustified expenditures that drained Syntech's funds. For example, Patterson approved a $7.1 million key man insurance policy for Wayne, under which Patterson was the beneficiary of the first half of the payout. According to Paul, Patterson and McFarland repeatedly promised Paul that they would add him to the board, but Paul never became a board member. Paul alleges that, had he been added to the board, he would have been the tie-breaking vote that would have prevented or limited Patterson's damage to Syntech.

On August 21, 2015, Syntech executed a note in the principal amount of $1,750,000.00 (the "Note"), payable to what the parties describe as the "Lender." That same day, the Pauls, the McFarlands, and Patterson separately executed a guaranty, whereby each party guaranteed payment to the Lender of the amounts due and owing by Syntech. Unlike the Pauls and Patterson's guaranty, the McFarlands' guaranty is secured by a mortgage on the McFarlands' property. That mortgage was recorded by the Grundy County Recorder of Deeds on September 17, 2015.

At some point, Syntech allegedly defaulted on the Note due to nonpayment. The Pauls maintain that Syntech's inability to meet its debt obligations was a direct result of Patterson's conduct and breach of fiduciary duties.

After Syntech's default, Patterson formed Ensign with his two children. In May 2019, Ensign purchased the loan and guaranties from Syntech's lender, and is now suing the Pauls and McFarlands to enforce their guaranties on the loan. As the Pauls and McFarland note, Ensign's complaint "conspicuously leaves Patterson out as a guarantor defendant." The Pauls and McFarlands have thus filed third-party complaints, alleging that Patterson bears responsibility for any liability the Pauls or McFarlands may have to Ensign as a result of their guaranties.

## DISCUSSION

Patterson moves to strike and dismiss the third-party complaints under Federal Rule of Civil Procedure 14(a), 12(b)(1), and 12(b)(6). Because a 14(a)(4) motion to strike "is effectively a motion to dismiss, the well-pleaded factual allegations of [the Third-Party] Complaint are taken as true, with all reasonable inferences drawn in [the Third-Party Plaintiff's] favor." May's Fam. Centers, Inc. v. Goodman's Inc., 104 F.R.D. 112, 114 (N.D. Ill. 1985). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). For a 12(b)(1) motion to dismiss for lack of standing, the plaintiff bears the burden of establishing that it meets the required elements of standing. Parus Holdings, Inc. v. Banner & Witcoff, Ltd., 585 F.Suppp.2d 995, 1000 (N.D. Ill. 2008).

Patterson moves to strike the Pauls' third-party complaint for lack of standing and move to dismiss the McFarlands' third-party complaint for failure to state a claim. The court will address each argument in turn.

First, Patterson argues that the Pauls lack standing to bring their third-party complaint because that complaint alleges wrongs suffered by Syntech, not the Pauls. To determine whether a party has standing to bring a claim as a direct action, as opposed to a derivative action on behalf of a company, federal courts look to the state law where the company is incorporated. Massey v. Merrill Lynch & Co., 464 F.3d 642, 645 (7th Cir. 2006). The parties agree that Illinois law applies here.

Under Illinois law, when a shareholder seeks relief for an injury to a corporation, rather than a direct injury to the shareholder himself, the shareholder must bring his or her suit derivatively on behalf of the corporation. Sterling Radio Stations, Inc. v. Weinstine, 765 N.E.2d 56, (1st Dist. 2002) (citing Small v. Sussman, 713 N.E.2d 1216, 1219 (1999)). "However, an exception to this rule allows a shareholder with a direct, personal interest in a cause of action to bring suit even if the corporation's rights are also implicated." Id. (collecting cases). "Whether an action is derivative or direct, however, requires a strict focus on the nature of the alleged injury, i.e., whether it is to the corporation or to the individual shareholder that injury has been done." Id.; see also Andrews v. Gerace, et al., 2014 WL 4627383, at *4 (N.D. Ill. Sep. 15, 2014) ("If the only injury to the shareholder is an indirect one—that is, if the injury was inflicted directly on the corporation and was suffered by the shareholder only because she owns shares in the company—the shareholder does not have standing to sue in her own right.").

5

Patterson argues that "the gravamen" of the Pauls' third-party complaint alleges injuries to Syntech, not injuries to the Pauls. The court disagrees. Although the Pauls' third-party complaint alleges numerous facts regarding Patterson's actions at the company and Patterson's breach of fiduciary duties, the injury alleged is a direct, personal injury to the Pauls as a result of their personal guaranty on the Note. Contrary to Patterson's characterization, the Pauls are not alleging an indirect injury, whereby they are harmed only because they own shares in the company. See Andrews, 2014 WL 4627383, at *4 ("…shareholders do not have standing to bring an individual claim for relief unless they allege 'something more than wrong done to the corporate body.'") (citing Davis v. Dyson, 387 Ill.App.3d 676, 694 (2008)). Here, the Pauls have alleged the requisite "something more"—they have alleged that they are personally liable under their guaranty and will suffer harm as guarantors of the Note, not shareholders of Syntech. Indeed, a derivative suit makes little sense in this situation because the Pauls are not suing to recover damages for harm done to the company, but for damages they may suffer as a result of their personal liability on the Note. Consequently, the Pauls have standing to bring suit. The motion to dismiss the Pauls' third-party complaint is denied.

Patterson next moves to dismiss the McFarlands' complaint, arguing: (1) the McFarlands fail to plausibly allege a joint financial obligation owed by the McFarlands and Patterson; and (2) even if there was a joint financial obligation, the McFarlands have failed to allege that they have paid more than their just proportion of the joint financial obligation.

The second argument is a non-starter. The purpose of Rule 14(a)(1) is to promote judicial efficiency, allowing the resolution of an entire case instead of requiring a defendant to

wait for judgment before bringing a separate action against a third-party. Requiring the McFarlands to wait until they have paid on the Note thwarts the purpose of Rule 14(a)(1).

Regarding Patterson's first argument, the court agrees that the McFarlands have failed to plausibly allege a joint financial obligation, and thus have failed to state a claim for equitable contribution. "In an action for common law contribution, the right to contribution arises due to the compulsory payment by a joint obligor of more than his share of a common obligation." Flynn v. Levy, 832 F.Supp.2d 951, 955 (N.D. Ill. 2001). "In Illinois, the common law right to equitable contribution typically arises in the context of co-insurers, but Illinois courts have regularly found a right to equitable contribution outside of that context where the parties had a joint financial obligation to a third party created by agreement or statute." Id. (collecting cases).

Patterson argues that the McFarlands have failed to allege a joint financial obligation because they have failed to plead the existence of any agreement between Patterson and the McFarlands to be jointly bound. The McFarlands' third-party complaint merely alleges that McFarland signed a guaranty agreement with Syntech, and that Patterson separately executed the same form guaranty agreement. That fact alone is insufficient to plausibly allege a joint financial obligation. Further, the McFarlands' guaranty is specifically secured by a mortgage on the McFarlands' property, whereas Patterson's guaranty is not. The differences between these two agreements suggest that the McFarlands and Patterson intended to be separately and individually liable. Consequently, the McFarlands have failed to plausibly allege a joint financial obligation and their third-party complaint is dismissed.

**CONCLUSION**

For these reasons, Patterson's motion to dismiss (Doc. 77) is granted in part and denied in part. The motion to dismiss the Pauls' third-party complaint is denied, and Patterson is directed to answer that pleading on or before June 23, 2022. Ensign's motion to strike (Doc. 70) is stricken as superfluous. The McFarlands' third-party complaint (Doc. 63-2) is dismissed. The remaining parties are directed to file a joint status report using this court's form on or before June 30, 2022.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:   June 2, 2022**